No. 44,904

BESSIE M. BOTTJER, *Appellant,* v. GERALDINE E. HAMMOND, *Appellee.*

(436 P. 2d 882)

Opinion filed January 27, 1968.

*Warren R. Southard,* of Wichita, argued the cause and was on the brief for the appellant.

*H. W. Fanning,* of Wichita, argued the cause, and *W. A. Kahrs, Robert H. Nelson, Richard C. Hite, Darrell D. Kellogg, Roger Sherwood* and *Richard L. Honeyman,* all of Wichita, were with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a damage action for personal injuries. The plaintiff, a pedestrian, alleges she was struck by an automobile driven by the defendant. At the close of the plaintiff's evidence the trial court sustained the defendant's motion to dismiss because of insufficient evidence, after which appeal was duly perfected to this court.

The only question is whether the plaintiff's evidence is sufficient to show negligence on the part of the defendant.

On the 27th day of March, 1964, at approximately 4:40 p. m., Geraldine E. Hammond (defendant-appellee), an English professor at Wichita State University, was driving west on 17th Street in Wichita at a speed of approximately 25 miles per hour. After she had passed the second crosswalk at the intersection of 17th and Fairmount Streets, there was a bump and she realized something had hit the side of her car. She immediately stopped and found Bessie M. Bottjer (plaintiff-appellant) lying near the curb just over in the parking.

The only evidence presented by the plaintiff was the testimony of the defendant. The plaintiff relies upon the following testimony to establish negligence on the part of the defendant.

Counsel for the plaintiff, questioning the defendant from a deposition which she had previously given, asked:

"Q. Your answer was, 'after I had passed the second crosswalk there was a bump and I realized something had hit the side of the car, and I stopped immediately and went back to see what it was because I thought it was something that came from the north side of the street, the curb; and I put the car in park and I jumped out, left the motor running, and rushed back to see what it was.' And then I asked you, 'And what was it?' Your answer, 'There was a lady there right at the curb and I knelt down to try to keep her from moving around, she was just over in the parking just past the curb a little ways, and I put my arms around her and there wasn't anybody else there for a minute. As soon as somebody came I asked them to call the police and an ambulance, and I tried to hold her there.' Question by me at this time, 'Was she conscious?'

" 'A. Yes, sir.

" 'Q. Did she talk to you?

" 'A. She kept asking what had hit her.

" 'Q. Did you tell her what had hit her?

" 'A. Yes, sir, I said, "my car hit you, I didn't see you." ' "

.    .    .    .    .    .    .    .    .    .    .    .    .

"Q. I believe during the course of our questioning at that time, Miss Hammond, there was some discussion about the sun shining in and your wind visor, or sun shade, or whatever you call it, I can't think of the word today?

"A. Sun visor.

.    .    .    .    .    .    .    .    .    .    .    .    .

"Q. Well then I am not referring to the deposition, I want her to tell me what you remember about the sun, and your sun visor, and your visibility as you traveled to the west at approximately 4:40 two years ago yesterday?

"A. At 4:40 the sun is coming pretty straight down the street, I was going west on 17th, there is a slight rise at that point, my sun visor was down and there was a glare in the street; and I don't know what else I talked about at the time that you are asking me about, that is—

"Q. And because of the glare you couldn't see clearly ahead of you could you?

"A. I couldn't see—I could see ahead of me, yes, but the sun was in my face, I didn't see Miss Bottjer.

.    .    .    .    .    .    .    .    .    .    .    .    .

Q. No doubt in your mind, is there Miss Hammond, that your car did hit her? I mean you said so back there, is there anything that you have investigated or found out subsequent to this that anybody else or anything else hit her?

"A. May I answer your first question?

.    .    .    .    .    .    .    .    .    .    .    .    .

"Q. There in no doubt in your mind that your car did hit her?

"A. No, sir.

"Q. Then to be perfectly clear your car did hit her did it not?

"A. As far as I know."

Although the appellant in her pretrial order listed two eye witnesses to the accident, she relied solely upon the testimony of the

defendant in this case to establish negligence. On appeal the testimony of the plaintiff, who is said to have been a victim of traumatic amnesia, and the plaintiff's two treating physicians is not presented in the record.

The trial court held the plaintiff had not as a matter of law shown the defendant to be guilty of negligence in any manner.

Where a collision occurs and someone is injured, this fact of itself is not sufficient to predicate liability. It is familiar law that negligence must be established by proof. Like any other fact it may be established by circumstantial evidence, but the circumstances relied upon must be of such a nature and so related one to the other that the only reasonable conclusion to be drawn therefrom is the theory sought to be established. A fact is not proved by circumstances which are merely consistent with its existence. (*Goodloe v. Jo-Mar Dairies Co.*, 163 Kan. 611, 185 P. 2d 158, and cases cited therein.)

Where, as here, the case was tried before a jury, the court in testing the sufficiency of the evidence must resolve all facts and inferences reasonably to be drawn from the evidence in favor of the party against whom the ruling is sought, and where the evidence is such that reasonable minds could reach different conclusions thereon the motion must be denied and the matter submitted to the jury. (*Bendure v. Great Lakes Pipe Line Co.*, 199 Kan. 696, 433 P. 2d 558.)

In our opinion the foregoing evidence did not establish negligence, nor are there any circumstances from which negligence could be inferred without conjecture and speculation.

The appellant makes an issue of the appellee's testimony that she did not see the appellant. The appellee said, "I couldn't see—I could see ahead of me, yes, but the sun was in my face, I didn't see Miss Bottjer." When this testimony is read with the rest of the testimony, it does not show that the appellee was not keeping a proper lookout. The only inference to be drawn from the evidence is that the appellant struck the side of the appellee's car, not the front of the car. The appellee could see in front of her car but did not see the appellant, the reasonable inference being that the appellant was not in front of the car but rather to the side of the car.

The appellant erroneously quotes the testimony of the appellee attempting to give the impression the appellant was struck in a crosswalk. The appellee did not testify "*as* she passed the second

crosswalk," but *"after* she passed the second crosswalk." The evidence fails to establish that the accident occurred within an intersection or at a crosswalk.

The appellant's evidence neither directly nor circumstantially discloses how the accident occurred, nor does it show any acts on the part of the appellee from which a jury could find actionable negligence. Any finding of negligence on the part of the appellee from the testimony would be based purely on speculation and conjecture. The case was properly taken from the jury and concluded by the trial court.

The judgment of the lower court is affirmed.